IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  96-50454
Summary Calendar
_____

MICHAEL H. LUCAS,

Plaintiff-Appellant,

versus

GABRIEL DEL TORO, Warden,
CAROL TAYLOR, Comptroller;
DOVE DEVELOPMENT CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-95-CV-51
_____

July 15, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael H. Lucas, Missouri prisoner #161077, filed a civil rights complaint under 42 U.S.C. § 1983 against Dove Development Corporation and several of its employees as the operators of the Crystal City Detention Center in Crystal City, Texas.  Lucas argues that the district court erred in dismissing his allegations of denial of his right of access to the courts.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prisoners have a constitutionally protected right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). A prisoner must show actual injury to prevail on an access-to-the-courts claim. Lewis v. Casey, 116 S. Ct. 2174, 2179-80 (1996). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993)(footnote omitted).

Lucas did not allege in the district court nor has he argued on appeal that his legal positions in any of his cases filed prior to this case were prejudiced as a result of his limited access to the law library or his loss of the computer files. The district court did not abuse its discretion in dismissing Lucas's complaint as frivolous. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). Because Lucas has failed to raise an issue of arguable merit on appeal, the appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

Lucas is warned that any additional frivolous appeals filed will invite the imposition of sanctions. Lucas is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous in order to avoid sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.